Mr. Justice Scott delivered the opinion of the Court. The complainant filed his bill in equity in the Dallas circuit court, stating that, at the October Term of the Clark county-court, in the year 1844, he was authorized, and directed by that court, to procure, from the proper public officer, copies of land plats, and otherwise ascertain what lands, liable to taxation, in Clark county, had been, in previous years, omitted to be placed upon the assessment lists of that county, and upon which consequently no taxes had been collected. That, at great expense' and trouble, he procured the information desired; but, before making his report in- the premisés to the Clark county court, the Legislature of Arkansas, by an act approved the 1st January, 1845, established the new county of Dallas, whereby certain territory chiefly taken from the county of Clark, was included within the fixed boundary of said new county. That afterwards, during the January Term, 1845, of the Clark county court, his doings in the premises were reported to, and approved by that court, and in consideration thereof, that court made an order of record, that he should be entitled to have, and receive, all ar-rearages of taxes, remaining due of such lands situated in Dallas county,'as had been previously included within the territorial limits of Clark county; which order the complainant agreed to and accepted in full satisfaction, for his trouble and expense's aforesaid. That in year 1845, during the time when the sheriff of Dallas county was officially engaged in listing and assessingthe property of that county for taxation, the complainant furnished him with a correct list of all such lands specifying the several years in which each tract had been omitted, to be placed upon the assessment rolls respectively, and that said sheriff entered all said lands upon the assessment rolls of Dallas county for that year, and rated them for all arrearages of taxes for which they were liable respectively... But that after said assessment rolls were returned to the county court of Dallas county, that court in adjusting the same, struck off from said assessment rolls of that year, all that related to arrearages of taxes on said' lands, and refused to allow them to be assessed, and to permit taxes to be collected upon them, for any arrearages on account of said omission of any previous years. That afterwards, and during the term when the sheriff and assessor of Dallas county was engaged in assessing the property in said county for the year 1848, the Auditor of the State of Arkansas, furnished said officer with a list of the said lands, and directed him to assess them for the arrearages of taxes in question, but he refused to do so, and that the said lands have not been as yet so assessed, and the county court of Dallas county absolutely refuses to permit them to be so assessed, and the said arrearages of taxes to be collected. That the rate of taxation fixed by the county court of Clark county for the years 1839, 1840, 1841, and 1842, was one-fourth of one per cent, upon the assessed value of said lands, that fqj." the year 1843, the rate was the same, with an additional rate of one-twentieth of one per cent., for a special purpose, authorized by law, and for the year 1844, the same as the former years, without the special rate of 1843. That in all of said years, the true value of the lands was unknown to the complainant, but he avers that they ought to have been assessed to, at least, three dollars per acre, and were liable by law to be assessed at double that value. That at the time the county oí Dallas was established, Clark county was largely indebted, and that at least two-fifths of the taxable property, and other sources of revenue of said county of Clark before the division, was within that portion of her territory given to Dallas. But that both the citizens of Dallas county, and the constituted authorities of that county refused to pay any portion of said indebtedness, or make any provision therefor. The prayer of the bill is that an account be taken of the amount of the county taxes so in arrears, and Dallas county be decreed to pay the same to the complainant: or else that, by decree of the chancellor, the sheriff of Dallas county be required to list, and assess the lands in question for all said arrearages, and the county court of that county be required to levy and cause the same to be collected and paid to the complainant: and, for general relief. A demurrer was interposed and sustained, and the complain* ant declining to amend, the bill was dismissed, and the cause brought here by appeal. At the time that the county of Dallas was established, the right of Clark county to the arrearages of county taxes in question, was indisputable. If that right does not still exist, it is because it has been extinguished by the legal effect of the act establishing the new county. There is no other pretence for its distruction. Admitting that this right was a chose in action; that such rights are extinguished by the dissolution of a corporation, and that by the act establishing the county of Dallas, so much of the law creating the corporation of the county of Clark, has been re* pealed as had any connection with the territoiy given to Dallas; and, to this extent, the corporation of Clark county has been au-thoritively dissolved — and this is the strongest position that can be occupied in favor of the idea — still it will, by no means, follow that the right is extinguished. The reason of the rule fails; and, therefore, the rule does not apply — because, here there is some one to assert the right and receive the avails; and that one is the corporation of Clark county, which, although destroyed pro tanto, still exists in full life as p, corporation, not by means .of revival, but in a mode of continuous existence. So, as elsewhere held, the rule would not apply where a judgment had been recovered in the name of the corporation in its life time, and that was assigned before dissolution; or where a right had been assigned, and a controversy respecting it was pending, when the corporation expired, in the corporate name for the benefit of the assignee. (Bank of Alexandria vs. Patton el al., 1 Robinson Va. R. 499. May et al. vs. State Bank of North Carolina, 2 Rob. Va. R. 56.) In both cases, there is some one to assert the right and receive the avails. But, although the right of Clark county to these arrearages of taxes has pot been extinguished, and it might be determined that the complainant would be entitled to receive their nett avails, when collected, in virtue of his agreement with the county court of that county, he certainly has not shown by his bill any proper ground upon which to maintain account in equity against Dallas county. No mutuality of dealings or of demands is shown to form th.e grounds of account; no series pf transaction between the parties, or upon otje side and payment on the other : no great complexity or intricacy of accounts : nor any fraud, accident, or mistake : nor any discovery required in aid. But the items are altogether on one side, and to maintain such a bill in such a case, however numerous or important the items may be, (there being no mutuality of dealing,) it is indispensable that, in addition thereto, discovery should be necessary. (See Cummins vs. White, 4 Blackf. Rep. 357, where most of the .cases are cited.) Besides this, there is the still farther objection Jhát it is not shown that the defendant ever received or collected, or in any way had in possession any sum whatever of the funds of the complainant. In the other aspect in which the complainant has placed his case, it seems to be at the most but the allegation of the nonperformance of official duty on the part of the county court of Dallas county and of the sheriff of that county. And he certainly fails to make out even such a case as that against the county court, otherwise than by the most general sort of charge. It is true that he specifically alleges that after the lands in question had been assessed by the sheriff and collector in 1845, for the arrearages and taxes in controversy, upon the data of the list furnished by the complainant, the county court of Dallas, in adjusting the assessment rolls of that year, preparatory to the levy and collection of the taxes assessed, struck out from the rolls all that related to said arrearages. But this by no means makes such a case against the county court, unless, in addition, it had been alleged that authentic data had been presented to the county court to sustain the assessment as to the arrearages of taxes, that had been so made by the sheriff, and their proper rate of tax action. It cannot be presumed that the county court of Dallas had such authentic data: on the contrary, the presumption is the op* posite, because the rolls and documents to constitute such data would regularly be in the archives of the county court of Clark county and in the Auditor’s office, and net within the custody of the county court of Dallas, or the clerk of that court, the matters having all transpired before the creation of Dallas county. We must presume, therefore, that, in this matter of adjustment, the county court did right. The list furnished to the sheriff, upon which he made the assessment that was stricken out, although alleged by the complainant to be a correct list, was not authenticated as such by the Auditor (Conway): on the contrary, the object of his certificate, appended to it, seems to have been only to express his “regret” that the “unusual amount of official business requiring his personal attention” had prevented him from making such an examination in his office as would have enabled him to authenticate the list as correct. And although this unafficient list seems to have been satisfactory to the sheriff, the court might have rightfully rejected it as insufficientto sustain the assessment as to the arrearages, that was based upon it, even if it had been returned into court by the sheriff along with the assessment, and subject to their inspection, which is not alleged in the bill. If, however, the list furnished the sheriff in 1847, by the Auditor, was official and authenticated as such by that officer, (which does not explicitly appear by the bill,) it would have been the duty of the sheriff to have assessed the ar-rearages of taxes accordingly, and if such authentic official list had been presented to the count}7 court, and at the same time an authentic exemplification of the records of the county court of Clark county, fixing the rate of county taxation for the several years for which the arrearages of taxes had been assessed, it would have been the duty of the county court of Dallas, in adjusting the several assessment rolls of that year, to have included in such adjustment the arrearages of taxes found to be unpaid from this combined data, and,,then levied and collected them as other taxes. And any such duly, if neglected by the sheriff or the county court, to the injury of either Clark county, or of the State of Arkansas, might have been stimulated by mandamus. The case, then, in this second aspect, presents no ground for equitable interposition-^-the remedy at law being full and adequate. The general scope and provisions of our revenue laws, in connection with the general law of remedies, afford ample remedy to the county of Clark, or to any one for whose use she might proceed. The twenty-fifth section of the Revenue Law, (Dig., p. 873, s.26,) makes ample provision for the assessment of arrearages, and relates as well to such as had origin before the formation of a new county from territory of an old one, as to those that occur afterwards. When, however, they arise before the formation of a new county from the territory of an old one, the authorities of a new county have no data upon which to act in the premises, until furnished from the proper offices. When such arrearages of taxes come in hand, their nett avails, after deducting reasonable charges, belong to the old county, if in existence, unless otherwise provided by law; and, consequently, may be recovered by an action at law against the new county. Finding no equity in the bill, the decree of the court below dismissing it, must be affirmed with costs. Watkins, C. J., did not sit in this case.